## Levenite v. Homsher.

*Trespass—Sufficiency of statement—Copies of contracts—Written or oral agreement—Lien on automobile for repairs and supplies—Character of lien and account for supplies.*

In a suit brought by the proprietor of a garage against the sheriff for taking in execution and selling an automobile against which the plaintiff claimed to have a lien by agreement with the owner for repairs and supplies, amounting to the sum for which he brought suit, it is not necessary to attach to the statement copies of the contracts and book entries, or to state whether the said agreement was oral or written, as the action is in trespass, but the statement should show the character of the lien, the work done and when, and the articles furnished, with prices, for which the plaintiff claims a lien.

Rule for a more specific statement. C. P. Lancaster Co., Oct. T., 1921, No. 37.

*H. Edgar Sherts*, for rule; *Harry L. Raub, Jr.*, contra.

LANDIS, P. J.—The statement alleges that the plaintiff was the proprietor of a garage on West Fulton Street, Lancaster, Pennsylvania, and that on Sept. 9, 1921, he was in possession of a Liberty touring car, the property of one Sam May; that the plaintiff, by agreement with said May, had a general lien upon the said car for repairs and supplies, amounting to $765.16, and the possession of the said car was retained by virtue of said lien; that the defendant, as sheriff, came to the garage and, under a writ of *fieri facias* issued to November Term, 1921, No. 8, levied on all the right, title and interest of said May in the said automobile, and on Sept. 12, 1922, the plaintiff notified the defendant that he was holding said car under said general lien for repairs and supplies; that on Sept. 16, 1922, said automobile was sold by the defendant to H. Edgar Sherts for $200, and, at the instance of Mr. Sherts, the defendant broke the lock and chain around the wheel of the machine and pushed it out of the garage of the plaintiff. It seems that May subsequently became a bankrupt, and the plaintiff received from his bankrupt estate in dividends the sum of $178.36. He now claims in trespass from the sheriff the sum of $591.80.

The defendant asks for a more specific statement. His first claim is that the plaintiff has not attached copies of the contract and book entries to the statement. We do not think this was necessary. The action is not on a contract, but is in trespass. The basis of the suit is the wrong done in the alleged removal of the automobile without legal right. The rule governing actions on contracts does not, therefore, apply. The same may be said concerning the objection that the statement does not say whether the agreement was oral or written. This, under section 9 of the Practice Act, relates to actions on contracts.

The next objection is that the statement does not state the character of the lien or when or how it was obtained, and does not furnish a copy of the account for repairs or supplies. We are of the opinion that the defendant has

4 D. & C.

a right to know, specifically, upon what the plaintiff's claim rests. Admittedly, the automobile belonged to May, and it was, therefore, subject to the payment of his debts. As the plaintiff asserts that he had a lien thereon for repairs and supplies, it is his duty to show in his statement the character of the lien, the work done and when, and the various articles furnished and prices for which he claims he had a right to hold the automobile. After he has done this, the defendant will be able to decide whether or not the lien was a valid one, and such a one as antedated the sheriff's sale. So that he may conform to this opinion in this regard, we make this rule absolute. The other objections raised have no merit. Rule made absolute.

From George Ross Eshleman, Lancaster Pa.